UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHEAL SANDERS, | |
| Plaintiff, | Civ. No. 15-7311 (KM) (JBC) |
| v. | |
| NEWARK N.J. POLICE DEPARTMENT 4TH DISTRICT, et al., | OPINION |
| Defendants. | |

**MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Micheal Sanders, is a state prisoner currently incarcerated at the Bayside State Prison in Leesburg, New Jersey. He is proceeding *pro se* with a civil rights complaint under 42 U.S.C. § 1983. This matter was administratively terminated without prejudice because Mr. Sanders had not paid the filing fee or submitted an application to proceed *in forma pauperis*. Now he has filed an application to proceed *in forma pauperis*. The Clerk will therefore be ordered to reopen the case, and Mr. Sanders's application to proceed *in forma pauperis* will be granted.

The Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be permitted to proceed past screening except as to one defendant.

## II.   BACKGROUND

The allegations of the complaint are taken as true for purposes of this Opinion. Mr. Sanders names several defendants in the complaint: (1) Officer Walker; (2) Lt. Gonzales; (3) Detective Marshal; (4) Detective Bouie; and (5) the Newark NJ Police Department 4th District. The claim is that the individual defendants used excessive force in connection with Sanders's arrest.

The complaint alleges that Mr. Sanders was arrested for burglary on October 19, 2013, in Newark, New Jersey. He was placed under arrest and handcuffed without resisting. Nevertheless, the named defendant officers allegedly used excessive force against him. Mr. Sanders alleges that Officer Walker hit him a dozen times; Detective Bouie kicked him eight times; Detective Marshal stamped on him ten times; and Lieutenant Gonzales punched him ten times. Mr. Sanders suffered injury to his right eye, lost eighty percent of his vision and sustained multiple fractures. Emergency surgery was required.

Mr. Sanders seeks money damages.

## III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d

Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir.2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

A. <u>Individual Defendants</u>

Mr. Sanders claims that the individual defendants used excessive force in the course of arresting him. Claims of excessive force during arrest are governed by the Fourth Amendment. *See Rivas v. City of Passaic,* 365 F.3d 181, 198 (3d Cir. 2004) (citing *Graham v. Connor,* 490 U.S. 386, 395 (1989)). The use of force will be analyzed to determine whether it was objectively reasonable under the circumstances. *See Graham,* 490 U.S. at 397. That reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

The complaint alleges that the named officer defendants hit, punched and kicked Mr. Sanders, even though he did not resist arrest and was handcuffed. He suffered fractures and loss

of vision. Those allegations are sufficient to permit Mr. Sanders' excessive force claims against the individual defendants to proceed past screening.

B. <u>Newark NJ Police Department 4th District</u>

The complaint alleges that the individual officer defendants worked at the Newark Police Department 4th District. It contains no other allegations as to why the 4th District should be held liable.

A New Jersey municipal police department is not technically the proper entity to be sued; it is but a department of city government. As this Court has stated:

> A New Jersey municipal police department is not an independent entity with the capacity to be sue and be sued, but only "an executive and enforcement function of municipal government." N.J. STAT. ANN. § 40A:14–118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (per curiam) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F. Supp. 315, 317 n.1 (D.N.J. 1996) (Newark police department not a proper party).

*Santa Maria v. City of Elizabeth (N.J.)*, No. 15-3243, 2015 WL 2414706, at *5 (D.N.J. May 20, 2015). [1]

---

[1] Even if I were to construe the complaint as being asserted against the City of Newark, however, it would not survive screening. In a Section 1983 action, a municipality cannot be held vicariously liable for the acts of its officers via *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). And the complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). *See Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110–11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v.*

5

For these reasons, Mr. Sanders's complaint fails to state a claim against the Newark Police Department 4th District are invalid as as a matter of law. The claims against the Newark Police Department 4th District will therefore be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the complaint will be permitted to proceed against the individual named defendants. The complaint will be dismissed with prejudice against the Newark NJ Police Department 4th District for failure to state a claim upon which relief may be granted. An appropriate Order will be entered.

Dated: November 18, 2015

/s/ Kevin McNulty
KEVIN MCNULTY
United States District Judge

---

*City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was"); *Karmo v. Borough of Darby*, No. 14–2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept. 25, 2014) (same). So even a claim against the City would be dismissed, albeit without prejudice.

6