# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHEAL SANDERS,** | Civil Action No. 15-7311 (JMV) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **NEWARK, NEW JERSEY POLICE DEPARTMENT, FOURTH DISTRICT, et al.,** | |
| **Defendant.** | |

**APPEARANCES:**

MICHEAL SANDERS
Bayside State Prison
P.O. BOX F-1
Leesburg, NJ 08327
        Plaintiff, *pro se*

WILSON DAVID ANTOINE
City of Newark- Corporation Counsel's Office
Law Department, Civil Litigation
920 Broad Street, Room 316
        Counsel for Defendant

     Plaintiff was incarcerated in Bayside State Prison when he filed this civil rights action on October 5, 2015. (ECF No. 1.) The Court terminated the action for failure to pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (ECF Nos. 2, 3.) After Plaintiff submitted a properly completed IFP application, the Complaint was filed and served. (ECF Nos. 7-14.) Defendants answered the Complaint, and discovery commenced. (ECF Nos. 17, 22, 23.) On January 27, 2017, counsel for Defendants Detective Jeffrey Bouie, Sergeant Dwayne Marshall, and Captain Jose Gonzalez ("the Police Defendants") informed the Court that

Plaintiff had contacted him concerning discovery. (ECF No. 22.) Plaintiff was in a halfway house and expected to be released on March 7, 2017. (*Id.*)

On March 6, 2017, the Police Defendants filed a motion for summary judgment. (ECF No. 24.) Plaintiff's response to the motion was due on March 20, 2017, but he failed to respond. On March 15, 2017, mail that the Court sent to Plaintiff at Bayside State Prison was returned stamped "REFUSED. UNABLE TO FORWARD." (ECF No. 25.)

Plaintiff has not provided the Court with his new address.

I. DISCUSSION

Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address within seven days . . . of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a Plaintiff's complaint without prejudice is an appropriate remedy for noncompliance with this rule. *See Archie v. Dept. of Corr.*, Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases).

Mail sent to Plaintiff's last known address was returned. To date, Plaintiff has not informed the Court of his new address. When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3rd Cir. 1984).

A.      Extent of the Party's Personal Responsibility

Plaintiff, as an unrepresented litigant, is solely responsible for providing the Court with his correct address.

B.      Prejudice to the Adversary

The Police Defendants filed a motion for summary judgment in March 2017, and Plaintiff failed to file an opposition to the motion. Defendants are prejudiced by the delay caused by Plaintiff's failure to respond to the motion for summary judgment.

C.      History of Dilatoriness

Plaintiff does not have a history of dilatoriness.

D.      Whether the Conduct of the Party Was Willful or in Bad Faith

The length of time since Plaintiff contacted the Court after his release, and the fact that discovery was completed and dispositive motions were pending suggest that Plaintiff acted in bad faith by not providing the Court with his new address.

E.      Effectiveness of Alternative Sanctions

Sanctions other than dismissal will not be effective because the Court cannot communicate any sanctions to Plaintiff without his current mailing address.

F.      The Merits of the Claims or Defenses

The final factor to consider is whether the Plaintiff's claims have merit. The Police Defendants have filed an unopposed motion for summary judgment, arguing that Plaintiff's claims of excessive force should be dismissed because Plaintiff admitted he did not incur his injuries at the hands of the Police Defendants.  (ECF No. 24-7 at 4.)  Weighing all of the factors, dismissal as a sanction is warranted in this case.

## II. CONCLUSION

In the accompanying Order filed herewith, this Court dismisses this action without prejudice, pursuant to Local Civil Rule 10.1.

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge

Date: October 5, 2017  
At Newark, New Jersey